## The Lancaster Hotel Company *v.* The City of Lancaster et al.

Argued Nov. 12, 1897. Appeal, No. 146, Oct. T., 1897, by plaintiff, from decree of C. P. Lancaster Co., Equity Docket No. 3, page 189, dissolving preliminary injunction and dismissing plaintiff's bill. Before RICE, P. J., REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

This case was argued with the preceding case.

The facts and questions involved are practically identical in both cases, excepting that in the present case, the court found as a fact that prior to April 1, the superintendent of the waterworks, by direction of the water committee of the said city of Lancaster, placed a meter on the premises of the plaintiff at its request, the complainant having through its treasurer, Mr. Rhoads, complained against the schedule rates before charged as excessive.

*D. M'Mullen* and *W. U. Hensel*, with them *J. Hay Brown*, for appellant.

*J. W. Brown*, with him *A. F. Shenck*, for appellee.

OPINION BY PORTER, J., March 21, 1898:

The principles upon which this case must. be decided have been expressed at length in the case of Rieker v. City of Lancaster, in which the opinion was this day filed. It, however, may be added that the contract which existed between the city and the Lancaster Hotel Company for the use of the water supply to the latter, was not only implied from the taking of the water, but was in a sense an express contract, inasmuch as there was evidence to show that a representative of the plaintiff applied for the introduction of a meter under the terms of the schedule already made public. In this case, therefore, as in the case of Rieker v. The City of Lancaster, the assignments of error must be dismissed, and the decree is hereby affirmed.